## STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**State of West Virginia,**
**Plaintiff Below, Respondent**

**vs) No. 16-0814** (Fayette County 16-F-80)

**John H. Krise,**
**Defendant Below, Plaintiff**

**FILED**

**June 9, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner John H. Krise, by counsel Anthony Ciliberti, Jr., appeals the August 4, 2016, order of the Circuit Court of Fayette County sentencing him to a cumulative total of not less than twenty-four nor more than sixty years in prison following his conviction on two counts of sexual abuse by a parent, guardian, custodian, or person in a position of trust, in violation of West Virginia Code § 61-8D-5(a); two counts of soliciting a minor via computer, in violation of West Virginia Code § 61-3C-14b; and two counts of distributing and exhibiting material depicting minors engaged in sexually explicit conduct, in violation of West Virginia Code § 61-8C-3. Respondent State of West Virginia, by counsel Shannon Frederick Kiser, filed a response in support of the circuit court's order. Petitioner argues that his sentence is excessive, shocks the conscience, and is unconstitutionally disproportionate to the offenses for which he was convicted.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

The facts of the underlying criminal charges against petitioner are largely undisputed. In March of 2014, petitioner began texting E.P.S., an adolescent boy.[1] During their communications, petitioner and E.P.S. discussed sexual encounters and petitioner "encouraged E.P.S. to have sexual encounters with other boys" and relate the details of those encounters to petitioner.

---

[1] Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990).

In August of 2014, petitioner, who was then volunteering as a little league baseball coach, invited an eleven-year-old boy, A.B.S., to his home, following baseball practice. While at petitioner's home, the two began discussing that A.B.S. would have to undergo a physical examination prior to playing middle school sports. A.B.S. told petitioner that he had never undergone such an examination. In response, petitioner began to show A.B.S. some of the tests that would be performed upon him during a physical examination. In the process, petitioner removed A.B.S.'s clothing and exposed the boy's sex organ. Thereafter, A.B.S. became nervous and put back on his clothing. Once A.B.S was clothed, he and petitioner played video games. While playing video games, A.B.S. sat on petitioner's lap, at petitioner's direction, and petitioner rubbed his sex organ against A.B.S.'s buttocks, through their clothing.

In October of 2014, petitioner began texting P.F.M., another adolescent boy. During their discussions, petitioner requested that P.F.M. send nude pictures of himself to petitioner and encouraged the boy to engage in sexual intercourse with other males. Ultimately, petitioner's conduct was reported to law enforcement authorities who began an investigation. During the investigation, a search warrant was executed at petitioner's residence wherein a flash drive containing "thousands of images, still and videos," depicting child pornography was found.[2]

Petitioner was arrested, and, on April 15, 2016, the State filed an information against him. The information formally charged petitioner with two counts of sexual abuse by a parent, guardian, custodian, or person in position of trust; two counts of soliciting a minor via computer; and two counts of distributing and exhibiting material depicting minors engaged in sexually explicit conduct. Petitioner waived presentment of his case to the grand jury, and elected to "proceed upon a plea of guilty to all counts contained within the [i]nformation."[3]

During the April 14, 2016, plea hearing, petitioner pled guilty to each of the counts set forth in the information.[4] At the hearing, the court engaged in a lengthy waiver and plea colloquy with petitioner, in accord with this Court's ruling in *Call v. McKenzie*, 159 W. Va. 191, 220 S.E.2d 665 (1975). Petitioner testified that he understood and acknowledged the potential sentences he faced as a result of his guilty plea. Petitioner provided the court with the factual basis for his plea and testified that he was "satisfied with the efforts of counsel and requested the

---

[2] In total, nearly 2,000 child pornography images were confiscated from petitioner's home.

[3] In exchange for petitioner's agreement to plead guilty to the charges set forth in the information, the State "agreed to bind over all other charges [against petitioner] of which they were aware at time of the plea deal."

[4] Prior to the plea hearing, petitioner underwent a psychological evaluation to determine whether he would benefit from "psychological treatment regarding his sexual interest in adolescent boys." The psychologist determined that petitioner presented a moderate risk for re-offending.

court accept the plea."[5] The circuit court found that petitioner knowingly, intelligently, and voluntarily entered his plea agreement.

On August 1, 2016, a sentencing hearing was held. Petitioner testified on his own behalf at the hearing and called several witnesses. Petitioner argued in favor of minimal sentencing and rehabilitation, and emphasized his young age,[6] lack of criminal history, good work history, and family/community support. Conversely, the State called a witness who made a statement on behalf of petitioner's victims. Ultimately, petitioner was sentenced to a cumulative total of not less than 24 nor more than 60 years in prison.[7] Upon his release from prison, petitioner was ordered to submit to 25 years of supervised release, pursuant to West Virginia Code § 62-12-26.

In sentencing petitioner, the circuit court noted that ""[e]xcept for the time of the entry of [petitioner's] plea and [his statement at sentencing], . . ." [p]etitioner failed to accept any responsibility for his actions." The court recognized that in some parts of petitioner's presentence report, he "blamed the children" for his actions. The court further recognized that the "mental harm caused to the minor victim[s] by [p]etitioner would likely be long-term, and opined that [p]etitioner's sexual offenses against "12, 13, 14-year-old boys" should not be offset simply by "[p]etitioner's otherwise positive reputation within the community." The circuit court determined that petitioner used his position as a little league baseball coach to "groom his victims" and further noted that petitioner's offenses related to online child pornography were not "victimless crimes." It is from the circuit court's August 4, 2016, sentencing order that petitioner now appeals.

In his appeal, petitioner raises two assignments of error. In his first assignment of error, petitioner contends that his cumulative sentence is subjectively disproportionate to the offenses for which he was convicted and shocks the conscience. *See* Syl. Pt. 5, *State v. Cooper*, 172 W .Va. 266, 304 S.E.2d 851 (1983). In his second assignment of error, petitioner argues that his

---

[5] With regard to the allegations about his communications with E.P.S. and P.F.M., petitioner admitted that these communications were engaged in "for the purpose of soliciting sex acts" from both boys. With respect to the allegations involving A.B.S., petitioner admitted that his conduct was for the purpose of fulfilling his own sexual desire and for his own sexual gratification.

[6] At the time of sentencing, petitioner was twenty-seven years of age.

[7] For each of petitioner's sexual abuse convictions, the circuit court imposed an indeterminate sentence of not less than ten nor more than twenty years, a period of time within the statutory limitation. As to petitioner's solicitation charges, the court imposed an indeterminate sentence of not less than two nor more than ten years for each count, again within the statutory limitation. Finally, as to the child pornography charges, the court imposed an indeterminate sentence of not less than five nor more than fifteen years for each count; once again within the statutory limitation. The court ordered that the sexual abuse and solicitation charges be served consecutively, while the child pornography charges were to be served concurrently with each other and the sexual abuse and solicitation charges.

sentence is objectively disproportionate to the offenses for which he was convicted in that it far exceeds the punishment for offenses under West Virginia law that are far more egregious. *See* Syl. Pt. 5, *Wanstreet v. Bordenkircher*, 166 W. Va. 523, 276 S.E.2d 205 (1981).

This Court reviews "sentencing orders . . . under a deferential abuse of discretion standard, unless the order violates statutory or constitutional commands." Syl. Pt. 1, in part, *State v. Lucas*, 201 W. Va. 271, 496 S.E.2d 221 (1997). *Accord* Syl. Pt. 2, in part, *State v. Georgius*, 225 W. Va. 716, 696 S.E.2d 18 (2010). However, we have long held that "[s]entences imposed by the trial court, if within statutory limits and if not based on some [im]permissible factor, are not subject to appellate review." Syl. Pt. 4, *State v. Goodnight*, 169 W. Va. 366, 287 S.E.2d 504 (1982). Thus, prior to addressing petitioner's assignments of error alleging the subjective and objective disproportionality of his sentence, we must determine if petitioner's sentence was within the statutory limits and whether it was based on some impermissible factor to determine whether the sentence is subject to challenge on appeal. Based upon our review of the record herein, we find that petitioner's sentence is not subject to challenge on appeal. Here, petitioner acknowledged that he was sentenced within the limits of the relevant statutory provisions and that the sentence imposed upon him was expressly authorized by statute. Further, petitioner does not argue that his sentence was based upon any impermissible factor. Accordingly, based upon this Court's ruling in *Goodnight*, petitioner's sentence is not subject to challenge on appeal.[8]

For the foregoing reasons, we affirm the circuit court's August 4, 2016, sentencing order.

Affirmed.

**ISSUED:** June 9, 2017

**CONCURRED IN BY:**

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

---

[8] Even if this Court were to consider petitioner's challenges to his sentence based on the alleged disproportionality of his sentence, based upon our review of the record herein and our holdings in *Cooper* and *Wanstreet*, we find no error. Petitioner's sentence does not shock the conscience of this Court or society and is not disproportionate to the multiple offenses for which he was convicted. Here, petitioner admits that he sexually abused a young boy on several occasions for his own sexual gratification. Petitioner admits that he solicited two other minors for the purpose of soliciting sex acts. Further, petitioner possessed nearly 2,000 pieces of child pornography. Such actions are patently reprehensible, morally repugnant, and precisely the type of conduct the West Virginia Legislature intended to deter by enacting West Virginia Code §§ 61-8D-5(a), 61-3C-14b, and 61-8C-3.

4